UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-0322-CVE |
| ) | |
| TRAVIS CARL CONDRY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion in limine (Dkt. # 13) and plaintiff's response (Dkt. # 17). Defendant is charged in a one-count indictment with aggravated sexual abuse by force in Indian country. Dkt. # 2. In his motion in limine (Dkt. # 13), defendant asks the Court to "limit or prohibit the Government from offering into evidence a certain video that purportedly depicts the incident that is the subject of this case[.]" Dkt. # 13, at 1. In its response (Dkt. # 17), plaintiff argues that the video is an admissible duplicate, defendant has not made an adequate showing that the video was tampered with, and, in the alternative, the video is admissible under Fed. R. Evid. 1004(c). Dkt. # 17, at 1, 4. Plaintiff and defense counsel were directed to produce the original and/or any copy of the subject video for Court review at the pretrial conference, Dkt. # 19, during which a hearing on the motion in limine (Dkt. # 13) was held.

I.   **Background**

During their investigation, Claremore police officers interviewed defendant, who "admitted to investigators that he recorded himself and [the alleged victim, T.C.,] with his phone. Condry said that there were three short videos that he had recorded, and he agreed to allow investigators to try to copy the videos from his phone to their computer." Dkt. # 17, at 1. With defendant's consent,

investigators attempted to copy the videos from defendant's cell phone to their computer, but were unable to do so. Id. Because of the technological issue, investigators used a police-issued cell phone to video and audio record the subject videos as they played on defendant's phone.[1] Dkt. # 17, at 1-2; Dkt. # 13, at 1. According to plaintiff, "[i]n the investigator's recording you can see [defendant's] entire phone, you can see the entire videos, and you can clearly hear the audio." Dkt. # 17, at 2. However, despite their inability to directly copy the videos from defendant's cell phone to their computer, the investigators "did not ask the [d]efendant to allow them to take the cell phone to be forensically examined." Dkt. # 13, at 1. Finally, at the December 2, 2021 pretrial conference, defendant informed the Court that he no longer had the original videos at issue in the rerecording, because he had obtained a new phone since the date of the incident in December 2018.

## II.     Legal Standards Applicable to Admissibility of the Duplicate Video

Under Fed. R. Evid. 1002, the "best evidence rule," an "original writing, recording, or photograph is required in order to prove its content unless [the Federal Rules of Evidence] or a federal statute provides otherwise." Fed. R. Evid. 1002. Tenth Circuit precedent establishes that the "animating purpose of [the best evidence rule] is to promote accurate fact-finding[,]" by reducing the risk of 1) "mistransmission of critical facts"; 2) fraud; and 3) incompleteness. United States v. Chavez, 976 F.3d 1178, 1194 (10th Cir. 2020) (internal quotations omitted). Moreover, the Tenth Circuit has held that "Congress left it to the courts to read and apply Rule 1002's terms according to their 'plain meaning.' . . . And here, Rule 1002's meaning is plain as day: it demands that courts

---

[1]     Defendant refers to the subject video in the singular, while plaintiff refers to the same evidence in the plural as "videos." The Court viewed the evidence at issue and the rerecording itself is a single video that records three separate videos from defendant's cell phone.

exclude secondary evidence of an original's contents unless the original is in evidence. That bar is absolute," unless there is an applicable exception provided by the Federal Rules of Evidence or federal statute. Chavez, 976 F.3d at 1195 (quoting Warger v. Shauers, 574 U.S. 40, 44 (2014)). One such exception is Fed. R. Evid. 1003, which states that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Fed. R. Evid. 1001(e) defines "duplicate" as "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Fed. R. Evid. 1001(e). Further, under Fed. R. Evid. 1004,

> An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:
>
> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;
>
> . . .
>
> (c) the party against whom the original would be offered had control of the original; was at the time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing[.]

Fed. R. Evid. 1004(a) and (c).

Defendant argues that the investigator's "video of a video" violates the best evidence rule, which "requires that the original of a recording to be presented to prove its content," and that the video of a video is not covered by the best evidence rule's exception for duplicates. Dkt. # 13, at 2. Plaintiff responds that, pursuant to Rule 1003, the videos are admissible duplicates because they were produced by photographic or electronic means, and they accurately reproduce the original. All of the original videos are included in the duplicate, and all of the original audio is included in the

3

duplicate. Dkt. # 17, at 2. The plain meaning of Rule 1001(e)'s definition of "duplicate" is broad, with a non-exhaustive list of techniques or processes; thus, the Court finds that a cell phone camera recording a video playing on another cell phone (the rerecording) is a photographic, electronic, or other equivalent process within the plain meaning of Rule 1001(e). The critical question becomes whether the rerecording satisfies Rule 1001(e)'s requirement that the "counterpart" accurately reproduce the original.

Accordingly, plaintiff has the burden to show that the purported duplicate recording "accurately reproduce[s] the scenes that took place, [and is] . . . accurate, authentic and trustworthy." United States v. Seifert, 351 F. Supp. 2d 926, 928 (D. Minn. 2005) (quoting United States v. Beeler, 62 F. Supp. 2d 136, 148-49 (D. Maine 1999)); see also Fed. R. Evid. 901 ("[t]o satisfy the requirement of authenticating . . . evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is . . . [examples include] Testimony of a Witness with Knowledge."). In Beeler, the court found that "[r]erecordings of videotapes by a mechanical or electronic objective device that accurately reproduces the original images on the tape are 'duplicates.'" 62 F. Supp. 2d at 148. Moreover, another judge of this court found that even video recordings that have been altered or "enhanced" qualify as duplicates "so long as [they] accurately reproduce the original images on the tape." Payne v. Myers, No. 14-CV-39-GKF-TLW, 2016 WL 3884169, at *6 (N.D. Okla. Jan. 21, 2016) (citing Beeler, 62 F. Supp. 2d at 148, and Seifert, 351 F. Supp. 2d at 928) (internal quotations omitted). Here, plaintiff states that in the rerecording, one can clearly see defendant's entire phone, the entirety of the videos, and clearly hear the audio. Dkt. # 17, at 2. Further, plaintiff proffers that the rerecording can be authenticated by the officers who made it, as well as T.C., who can identify herself, her voice, and defendant's voice in the video. Id. at 3-4.

Once the party seeking to introduce the video adequately lays a foundation of its authenticity, accuracy, and trustworthiness, "the party challenging the rerecording[] bears the burden of showing that [it is] inaccurate." Payne, 2016 WL 3884169, at *6 (internal quotations omitted). "Absent some showing by the defendant that the exhibits have been tampered with, it will not be presumed that the investigators who had custody of them would do so." United States v. Lepanto, 817 F.2d 1463, 1466 (10th Cir. 1987) (internal quotations omitted); see also United States v. Johnson, 977 F.2d 1360, 1368 (10th Cir. 1992) (affirming the court's holding in Lepanto). Defendant argues that "there is no way to adequately ascertain whether the video of the video, and audio, are exact copies of the original[;]" thus, plaintiff cannot meet its burden to lay a foundation for the video's authenticity. Dkt. # 13, at 2. However, as plaintiff points out, defendant does not point to anything specific in the rerecordings that would suggest the original videos were altered or tampered with. Dkt. # 17, at 3-4.

For example, in United States v. Mills, 194 F.3d 1108, 1112 (10th Cir. 1999), the defendant argued that a videotape recording should not be admitted into evidence in part because a portion of the tape was deleted, as evidenced by missing time stamps, which showed that the tape "had clearly been tampered with." Id. Notwithstanding, the Tenth Circuit found that even a recording that has been tampered with may be admissible if the alteration "did not affect the accuracy of the remaining images, including the clear indication [of alteration.]" Id. "The well-established rule in [the Tenth Circuit] is that deficiencies in the chain of custody go to the weight of the evidence, not its admissibility; once admitted, the jury evaluates the defects and, based on its evaluation, may accept or disregard the evidence." Cardenas, 864 F.2d at 1531. Here, similar to Mills, 194 F.3d at 1112, the jury would be able to see the clear indication that the video is not in its original form, that is, it is a phone camera recording of another phone playing videos. And, the jury would be able to

5

evaluate, based on the authenticating witness' testimony and the rerecording itself, whether to accept or disregard the evidence. See Fed. R. Evid. 1008 ("in a jury trial, the jury determines–in accordance with Rule 104(b)–any issue about whether: (a) [a recording] ever existed; (b) another one produced at the trial or hearing is the original; or (c) other evidence of content accurately reflects the content.").

Finally, plaintiff argues that should the Court find that the rerecording is not admissible as a duplicate, it should be admitted under Rule 1004(c), Dkt. # 17, at 4; additionally, plaintiff argued at the December 2, 2021 pretrial hearing that the rerecording is admissible under Rule 1004(a). Specifically, plaintiff argues that the rerecording is admissible under Rule 1004(c) because defendant had control of the original videos; was put on notice that plaintiff intended to introduce the videos at trial; and failed to produce the original at the hearing. Dkt. # 17, at 4. And, plaintiff argues that the rerecording is admissible under Rule 1004(a) because defendant stipulated at the December 2, 2021 hearing that the he no longer has the original videos at issue in the rerecording; thus, the original was lost or destroyed, and not by plaintiff acting in bad faith.

**III.   Findings**

   *A.   The Rerecording's Admissibility under Rule 1003*

The Court finds that plaintiff has met its burden to show that the rerecording is an admissible duplicate under Rule 1003, that is, it "accurately reproduce[s] the scenes that took place, [and is] . . . accurate, authentic and trustworthy." Seifert, 351 F. Supp. 2d at 928. The Court reviewed the entirety of the rerecording at the December 2, 2021 pretrial conference. In the rerecording, the defendant's entire phone is clearly visible. The rerecording is a single, uninterrupted video recording that clearly shows a law enforcement officer's hand tapping the "play" icon on defendant's phone

for each of the three discrete videos at issue; letting each video play in its entirety before the law enforcement officer's hand reappears, swipes over to the next video, and taps the screen to play it. The Court also finds that the original videos' audio and video are clear and intelligible on the rerecording. In addition, plaintiff proffered in its response (Dkt. # 17) and at the December 2, 2021 hearing that it can authenticate the video through witness testimony of the law enforcement officers who made the rerecording, and T.C., who is clearly visible in the rerecording and who can identify herself, her voice, and defendant's voice. Therefore, the Court finds that plaintiff met its burden to show that the rerecording is an accurate, authentic, and trustworthy duplicate under Rule 1003.

Because the Court finds that plaintiff made a sufficient showing that the rerecording is accurate, authentic, and trustworthy, the burden shifts to defendant, who is challenging the rerecording's accuracy, to show that the rerecording is inaccurate, altered, or tampered with . In his motion in limine (Dkt. # 13), defendant does not offer any specific examples substantiating that the rerecordings were altered or tampered with. Rather, defendant's motion relies primarily on the contention that it is impossible for plaintiff to "adequately ascertain whether [the rerecordings] are exact copies of the original[s]." Dkt. # 13, at 2. At the December 2, 2021 hearing, defense counsel stated that he has no basis to make the contention that the rerecording was altered or tampered with; rather, according to defense counsel, the burden is on the government to prove that the rerecording has not been altered or tampered with.

The Court finds that defense counsel's understanding of the burden to show that the rerecording was altered or tampered with is mistaken. It is defendant's burden to show evidence of tampering or alteration; the Court will not presume that the rerecording was tampered with absent

some showing by defendant.² Lepanto, 817 F.2d at 1466. Moreover, in deciding whether to admit the rerecordings, the Court is not required to "rule out *every* possibility that the evidence underwent alteration; it need only find that the reasonable probability is that the evidence has not been altered in any material aspect." United States v. Cardenas, 864 F.2d 1528, 1532 (10th Cir. 1989) (citing United States v. Brewer, 630 F.2d 795, 802 (10th Cir. 1980)) (emphasis in original). Thus, the Court finds that defendant did not meet his burden to show that the rerecording is inaccurate. In his motion in limine (Dkt. # 13), defendant did not point to any specific indication of alteration or tampering, and defense counsel conceded at the pretrial conference that he has no basis to argue that the rerecording was altered or tampered with. Moreover, the Court viewed the rerecording in its entirety and finds that there is a reasonable probability that the original video displayed in the rerecording was not altered in any material aspect, that is, the rerecording process did not affect the accuracy of the original video. See id. at 1532. Finally, based on the surrounding circumstances as to why the original videos are unavailable, that is, defendant no longer has the videos because he has a new phone, the Court finds it would not be unfair to admit the rerecording as a duplicate. Therefore, the Court finds the rerecording is admissible as a duplicate under Rule 1003.

    B.    *The Rerecording's Admissibility under Rule 1004*

Plaintiff, as the proponent of the evidence, has the burden to show that the rerecording is admissible under Rule 1004(a) and (c). See Fed. R. Evid. 1008. For Rule 1004(a), plaintiff had to show 1) the originals were lost or destroyed; and 2) not by plaintiff acting in bad faith. The Court

---

[2] The Court notes defense counsel's arguments as to 1) the law enforcement officer leaving the room while his phone was recording the original video playing on defendant's phone; and 2) that law enforcement could have obtained the original, or duplicates, through other means, such as a forensic examination of the phone. However, these issues go to the weight of the evidence, not its admissibility. See Cardenas, 864 F.2d at 1531.

finds these conditions are clearly met here–defendant conceded at the pretrial conference that the original videos were lost or destroyed because he has a new phone; consequently, there was no bad faith on the part of plaintiff.

For Rule 1004(c), plaintiff has to show defendant 1) had control of the videos; 2) was at the time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and 3) failed to produce the original videos at the hearing. At the pretrial hearing, defense counsel stated that defendant no longer had the original videos because there was a delay of several months between the investigation and the filing of charges, and defendant was allegedly told by investigators that they did not anticipate that charges would be filed. The Court finds that factors one and three are clearly met–defendant had control of the original videos, which were on his phone, and defendant failed to produce them at the hearing after being directed to do so by the Court. However, the second factor, whether defendant was on notice that the original videos would be the subject of proof at trial requires a credibility determination, which is a question for the jury. Thus, the Court preliminarily finds that the rerecording should not be admitted under Rule 1004(c); however, as discussed, supra, the Court finds that the rerecording is admissible under Rule 1003 and 1004(a).

**IT IS THEREFORE ORDERED** that defendant's motion in limine (Dkt. # 13) is **denied**.

**DATED** this 3rd day of December, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE